# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ESQUIVEL CABRERA, | 1:11-cv-01382-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | (Doc. 1) |
| H. A. RIOS, JR., et al., | |
| Defendants. | |

### I. Factual and Procedural Background

Roberto Esquivel Cabrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On August 19, 2011, Plaintiff filed his original complaint. (Doc. 1). On page two of the form complaint, Plaintiff states that he has exhausted administrative remedies and directs the court to see attachments. (Doc. 1 at 2). However, Plaintiff's attachments contradict his assertion that his administrative remedies have been exhausted. (Doc. 1 at 11, 16).

### II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1

available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The federal Bureau of Prisons has an administrative grievance system for prisoner complaints. 28 C.F.R. §§ 542.13-542.15; *see also Nunez v. Duncan*, 591 F.3d 1217, 1219-20 (9th Cir. 2010). The Ninth Circuit describes:

> As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" concerning the dispute to the prison Warden using a BP-9 form.[1] The BP-8 and BP-9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident. 28 C.F.R. § 542.14(a). An extension of time is available upon a showing of valid reason for delay. Section 542.14(b) provides a non-exhaustive list of reasons that justify an extension of time. Valid reasons "include . . . an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." *Id.*
>
> If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a). The BP-10 must be submitted to the Regional Director within 20 calendar days of the date of the Warden's decision. *Id.* As with the time period for filing a BP-9, an extension of time is available upon a showing of a valid reason. Id. Section 542.15(a) provides that "[v]alid reasons for delay include those situations described in § 542.14(b)." *Id.*
>
> The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP-11 form. *Id.* The BP-11 must be submitted to the Central Office within 30 calendar days from the

---

[1] If a complaint is "sensitive," such that "the inmate's safety or well-being would be placed in danger if the Request became known at the institution," the inmate may bypass the Warden and file a BP-9 directly with the BOP Regional Director. 28 C.F.R. § 542.14(d).

    date of the Regional Director's decision. *Id.* As with the time period for filing a BP-9 and a BP-10, an extension is available upon the showing of a valid reason as described in § 542.14(b). *Id.*

*Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010).

    In order to satisfy section 1997e(a), prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

    The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Attached to Plaintiff's complaint, is a letter dated August 2, 2011, from the Administrative Remedy Coordinator at Atwater Prison which states that the appeal was being rejected because Plaintiff failed to submit the grievance at the preliminary level through his counselor and he failed to comply with the page requirements. (Doc. 1 at 16). The Supreme Court has held that the exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 ).

    In this instance, Plaintiff was informed of the shortcomings of his appeal and was given an explanation of the correct process to pursue an administrative grievance. (Doc. 1 at 16). Plaintiff does not attach any documentation that would demonstrate that he attempted to address the shortcomings highlighted in the administrative screening notice. Since it appears that Plaintiff has failed to comply with the agency's procedural requirements, Plaintiff has not properly exhausted his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91.

### III. Conclusion and Order

Because it appears that Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   September 6, 2011

UNITED STATES MAGISTRATE JUDGE