# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ESQUIVEL CABRERA, | 1:11-cv-01382-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | (Doc. 7) |
| H. A. RIOS, JR., et al., | |
| Defendants. | |

## I. Factual and Procedural Background

Roberto Esquivel Cabrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On August 19, 2011, Plaintiff filed his original complaint. (Doc. 1). On September 6, 2011, the Court issued an order to show cause and ordered Plaintiff to respond within thirty days of service of the order or the action would be dismissed without prejudice. (Doc. 7). On October 3, 2011, mail sent by the Court was returned as undeliverable.

## II. Failure to Comply With Court Order and Failure to Prosecute

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If the plaintiff moves and fails to file a notice of change of address, service of court orders at the plaintiff's prior address shall constitute effective notice. *Id.* If mail directed to the plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need respond to the order to show cause. (Doc. 7). The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case. Thus, both the first and second factors weigh in favor of dismissal.

1    Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
2 of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the
3 risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's
4 failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the
5 third factor weight in favor of dismissal.

6    As for the availability of lesser sanctions, at this stage in the proceedings there is little
7 available to the Court which would constitute a satisfactory lesser sanction while protecting the
8 Court from further unnecessary expenditure of its scare resources.  Finally, because public policy
9 favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643.  However,
10 "this factor lends little support to a party whose responsibility it is to move a case toward disposition
11 on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine*
12 *(PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and
13 citations omitted), as is the case here.

14    In summary, Plaintiff has failed to respond to the Court's order to show cause.  More than
15 a month has passed since the Court originally ordered Plaintiff to respond to its order to show cause
16 and Plaintiff has not responded, despite being notified of the requirement via the Court's order
17 specifically directing him to respond. (Doc. 7).

### III.   Conclusion and Order

20    Since Plaintiff has failed to respond to the Court's order filed on September 6, 2011, the
21 Court HEREBY ORDERS: Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure
22 to obey court order.

IT IS SO ORDERED.

Dated:    October 14, 2011

UNITED STATES MAGISTRATE JUDGE